Case 23-1699, Operating Engineers' Local 324 et al. v. RiethRiley Const Co Inc, argument not to exceed 15 minutes per side. Mr. LeVan, you may proceed for the appellants. Good morning. May it please the Court, Daniel LeVan on behalf of the appellants, the trustees of the Operating Engineers' Local 324 fringe benefit funds, I would like to reserve three minutes for rebuttal. I would like to emphasize at the beginning of the argument that the funds are completely separate and distinct from the union. They are not one and the same. So they provide benefits in accordance with written documents and they don't negotiate. Not our first rodeo with the funds. The way we see this appeal, we believe it is actually very simple and straightforward. The funds are seeking to compel an audit, a fund audit, normal fund audit, pursuant to clear and unequivocal language of agreement. The audit right is set forth in the funds trust agreements and the employer executed hundreds of fringe benefit certifications in which they expressly agreed to be bound by the payment terms in the CBA and they specifically identified the expired CBA in the certifications and in those certifications they agreed that the certifications were accurate and they agreed to be bound by the terms. Can I ask just a preliminary question? So you either have the right to sue in court or you have the right to bring a petition before the NLRB on these audits. Why does the venue matter? Why are you here? Why not just go to the NLRB? Is it because ERISA provides better remedies? That is a primary reason. It is discussed in the advanced lightweight decision, the Supreme Court decision. ERISA provides much better remedies. It makes it much easier for the funds to proceed and collect the benefits. The case law is very strong. ERISA provides for payments of fees to the fund if it prevails. If the fund prevails, a fee award is pretty much mandatory under the case law. When funds go to enforce these audits, when an employer refuses to comply with the audit, there is very strong case law in the federal courts. The district court judges are very experienced with these lawsuits and it is usually very quick and easy to go into court and get the judges to order the audit. I guess that is unusual. The existence of a contract is not really in dispute though, right? Right. It makes this case a little trickier. It does. It makes this case different. Just to cut to the chase a little bit on this, I read Judge Lawson's opinion, which is very thorough, and I look at your complaint, particularly paragraph 19. The complaint as a whole seems to be focused very much on the period after the end of the CBA, right? It was a CBA, correct? Right. And paragraph 19 in particular seems to, arguably it is expressly focused on that post-termination period where it says defendant maintains indebtedness to the funds from August 1, 2019 onward. That is when defendant began selectively paying contributions for some, but not all, of its employees performing covered work. If I am the district judge or defendant, that seems not only to refer to a period, but to give a reason why that period is the one that is germane in this case. That is when they started doing the stuff that we are worried about. So, I mean, how could this complaint, because I don't see any reference to pre-termination contributions elsewhere. So I mean, why isn't Judge Lawson correct when he says this complaint is focused post-termination, not pre-termination? Because the complaint does specifically reference the audit request of the auditor. Yeah, but I mean, it doesn't, you just can't like gesture towards some document that has somewhere in it a reference to a certain period and think that that is enough to plead something, to plead a claim for a certain period of time. I mean, unless I am just wrong about that, unless there is case law that says you point to some document and it in turn points to something, then that something is always part of the complaint. There are other cases that deal with the 12B6 motions and motions on the pleadings that say the documents referenced in the pleadings become part of the pleadings, and there is a specific reference to the date of the auditor's request, and the defendant did have a copy of the auditor's request. That is paragraph 18, where it gives the specific dates, the funds requested defendant to produce records, period. And that is the document which includes both pre- and post-termination. Right, I think. And then we go to 19, where you say defendants may owe additional money based on other work, which can only be determined with the producing the audits. Right, those are the paragraphs. And then the request for relief specifically talks about enforcing the audit and seeking the amounts that are due and any additional amounts that are determined to be due or discovered to be due. Why not? I mean, boy, this is an awfully oblique way of making a claim for pre-termination contributions. Why not just say it? I mean, as opposed to that is really just not what this complaint was about. The central states, the Supreme Court case says that funds can perform these audits, can perform random audits. This is how funds monitor the contributions of employers. I mean, this fund performs an audit at least every three years of every employer. That's the policy. This defendant has now gone more than five years without having its complete audit. Some of its location, it's been, I don't know, six or seven years or longer without an audit. And the central states case says that the funds are entitled, if it's in their trust agreements, they're entitled to perform these audits, random audits, to ensure that contributions are made. And we believe it's sufficiently pled, and yet you don't need specific cause to audit a particular period. It's really not an entitlement question. It's a pleading question. I mean, whether this really puts them on fair notice, about the period you say you're complaining about, or at least one of the periods. Well, we submit under the federal. No, I understand your argument. That's fair. Are you, from your side, would you concede that you're bound by the audit letter? I mean, let's suppose there's another factory that isn't mentioned in the audit letter. Could you come in, you know, a year, let's suppose you keep litigating. Oh, and we also want to audit Detroit. I would think that your answer is you're bound by the audit letter, because that's what you refer to. For purposes of this complaint, we're right. Yeah, so you're not trying to get anything beyond the audit letter, but you're trying to get everything within the audit letter. Correct. We're trying to enforce the audit letter, which seeks to audit each of the locations starting from the period of their most recent last audit. Okay, and because, if we assume that the rest of the lower court opinion is correct, that you don't have rights after the termination, then even if you win, you would not get the ones that only start in June of 2018. Is that correct? Assuming that this court affirmed the... Right, I mean, that's the second argument, but for the first argument, yeah, you just want what you asked for. Right. Does the complaint allege anywhere, I mean, separate from a request for an audit, does the complaint anywhere allege that they had been under-contributing in the period pre-termination? Is that like, I mean, that's alleged as to  No, only insofar as it says to the extent the audit discloses additional amounts that are discovered. But I would say it's common for the funds to file a claim in court seeking to enforce the audit, not knowing if anything is due yet. The only thing is, the defendant hasn't complied with the audit, which in and of itself indicates they may be not wanting to disclose something. Yeah. I mean, typically, you know, an audit's going to have a period, right? I mean, it's not like, we want an audit, you know, and it could go back to 1946 or something. I mean, it's going to be, it's, we want an audit from X date to Y date, right? Correct. And we have an X, well, we have some dates here. They start, two of them start January 17 forward, one of them starts January 16 forward. I don't know why the difference. Maybe you know something about ADA or maybe it was not audited before, but you do have a start date. You're not trying to go back forever. Right. It's just some of the locations were audited at different times. Okay. It's just going back to the most recent audit for that location. So basically, you're asking for an audit for periods that have not previously been audited. Correct. When's the first time you raised this argument in, since the complaint? Was it in your motion for summary judgment or your response to their motion for summary judgment? It was after the remand and I think during, around the time of the status conference after the remand, after the first Sixth Circuit decision. So why didn't, wouldn't it have made the Sixth Circuit case easy in part because if you were actually seeking claims from when the contract was pending, then that makes jurisdiction obvious under the court's analysis. So I don't understand why you wouldn't have raised it then. It could have been raised. I agree. That just, doesn't that somewhat strike me like it was almost an afterthought, like this whole case was about post-contract disputes and then you're like, oh, we got this other argument. Let's throw it in there too. To be honest, that's kind of what it has the appeal of. And that strikes me that maybe, I don't know which way that cuts, but it strikes me that maybe we should think about that when determining whether it was properly pled. The focus was the post-exploration. That was the focus of the arguments during the first hearing. But I will say as time went on, more and more time had passed since the defendant had been audited, which just made it all the more important. We're now four or five years out and there's been no audit. And so we refined the arguments and that's what we did to make it clear that we're seeking to audit that entire period. I appreciate your straightforward answers. You can say anything you want in yellow and you're going to have your rebuttal. I'll just wait for rebuttal. Okay. Thank you, sir. Thank you. We'll hear from Mr. Guttwein. Thank you, Your Honor. Phil Guttwein for Reith-Riley. You have preempted much of what I would have wanted to say, so I don't know that I need to say a lot more. We read the complaint exactly the way that you described, Judge Ketledge. Let me ask you about another part of the complaint, which is in the prayer for relief. At page 2 of the complaint, it says, I'm asking them to produce the books and records to determine how much they owe for covered work from the dates requested through the date of the audit. So I don't see why there would be any ambiguity there. It references dates requested, and the only way to determine what the dates requested are would be to look at the request, wouldn't it? Otherwise, you could say, well, you know, they shouldn't, we shouldn't even look at it because we have no idea what they want. Of course we know what they want. I'm looking at page 10, paragraph 1 of the prayer for relief. I mean, page 10 is the bottom document, it's page ID 70. Yes, Your Honor. We understood that to be the dates requested in the complaint, so for work on it after August 9th. From dates requested through the date of the audit, okay? And the request, the word request, seems to me, implies that letter. Are you saying that paragraph 18, 19 is a request? That's how we understood the complaint, Your Honor. Even though it doesn't say request, it says they may owe money and they may maintain indebtedness. Okay, if that's your argument. All right. Did you have notice of the dates in the October 2019 audit? Why wouldn't that give you adequate notice for purposes of pleading standards? I assume that you did have notice since they sent you the letter. We did, but we didn't understand there to be a dispute about anything other than audit rights with respect to work on and after August 1st, 2019 that the funds were seeking to collect for that period. So it's entirely common in our experience, Your Honor, for something to arise, right? The funds request an audit. You can think of this by analogy to something like an M&A transaction. There's a purchase agreement. It's 100 pages long, lots of terms. There's a dispute over a post-closing purchase price adjustment. The whole contract is an exhibit to the complaint, but the complaint says we dispute how the purchase price adjustment was calculated. So the whole contract's not at issue in a claim. The purchase price adjustment is. It's sort of like this. These audits start and as the complaint acknowledges and as the record reflects, Reeth-Riley produced lots of records, but circumstances changed after the road agreement expired and labor relations broke down and the funds formed a very specific concern that Reeth-Riley was aware of, that after some strikes took place and they were using strike replacement workers beginning in 2019, the funds were concerned that they didn't receive contributions for all work that in their view would have been covered and would have required contributions during that period. When you said they, I thought I heard you say they did produce some records, but those records they produced, at least from the complaint, were in response to the request, which is this letter, right? That's correct, Your Honor. Okay. So you clearly knew about the letter because you were producing some records and not others, right? That's absolutely correct. We were aware of the audit request. So one other question then. In paragraph 19, when it says defendants may owe additional money based on other work, what did you take other work to mean since the preceding sentence is about the post-termination? What could other work mean in your view? Work performed on and after October 1, 2019. So the work they say they're specifically seeking to collect for. Well, the first, but I'm not sure we're connecting. Let's try again. The first sentence says they maintain an indebtedness for work performed from August 1st onward. Okay. Then it says they may owe money based on other work. So if the first sentence says after August 1, what could other work mean? What's a reasonable interpretation of other work that isn't work before August 1? I understand. Presumably it could be work before that date. Okay. The termination was in June of 18, right? That's correct. Did you get any other correspondence from these folks during the relevant time here just out of curiosity? I mean, was this the only letter you got or was there back and forth on other? There was a lot of back and forth. Were they requesting things or demanding things in some of this correspondence? They were telling us there was no contract and they were returning the contributions we submitted. Right. Okay. So I don't know that we should read a complaint like a statute. What's your understanding? I guess I'm confused. Maybe there's a lack of clarity and precedent on should we parse a complaint to see if it could possibly be read to plead something or should we read a complaint. I mean, part of my thinking is who's to blame for this ambiguity? And I would think if I'm like adopting least cost avoider principles, if the plaintiff wants to plead something they can easily fix it either by filing an amended complaint or just making clear in the complaint. But that's just my instinct. I'm curious on your understanding if there actually is any precedent on when it's ambiguous whether a complaint alleges something, should we just I guess I suppose one principle would be you're supposed to read the complaint in the light most favorable to the plaintiff so that could cut against you. But I'm curious what your reaction is. This would be a legal pleading principle when there is ambiguity in the complaint. Well that's right, Your Honor. It has to be a short plain statement that puts the defendant on notice of the claim. And we believe it did put us on notice of a claim for indebtedness beginning on August for work performed on and after August 1st, 2019. I don't know that in this case, Your Honor, for the reason that you pointed out earlier when Mr. Levan was here that you need to reach that question. It's absolutely true that there was no discussion at this point in the case prior to remand. So we briefed the question of what the claims were, all periods of time that were or were not supported by a contract for purposes of establishing jurisdiction both in response to our motion to dismiss and on the first appeal to the Sixth Circuit. And nowhere in any of that briefing did the funds ever mention one word about there being a claim at issue in the case that in their view was supported by the collective bargaining agreement during periods of time before its expiration. They never said one word about anything except an implied in fact contract that they believe wreath-wryly formed through unilateral manifestations of intent after the road agreement expired. So I think they have forfeited that claim under the mandate rule. There was nothing in the Sixth Circuit's first opinion that addressed whether the road agreement was enforceable as to an audit request made a year and a half after its termination. It was a general remand, I presume, right? It was for all matters consistent with the opinion. And the opinion dealt with whether there was a contract in place after the road agreement expired. All right. It's all we've ever understood the case to be about. I don't know that I need to say more. All right. The district judge looked at this case twice, looked at the evidence twice. It's unusual, I think, in just how much evidence there was created when these events unfolded, documented exactly what the union's and the fund's positions were. They refused to continue the contract with wreath-wryly. It terminated unequivocally. And now they're here to enforce it on a theory that is unsupported by the law. You can't create a contract through unilateral action by one party. There has to be a meeting of the minds. And here there is not. All right. Thank you, Mr. Gutwein, for your argument. We'll hear from Mr. Lebon. I really don't have anything to add to your discussion with Mr. Gutwein. And I could address the post-expiration period. I don't know if that's appropriate since it wasn't addressed in the draft. I would just say, as to post-expiration period, I would say the certifications in this case, the language of agreement is extremely strong. And I would say it's the strongest language of agreement in any of the certifications I see in any of the Sixth Circuit cases or any of the cases I've seen across the country discussing these fringe benefit certifications and their effect. So we strongly believe that's sufficient to compel the employer to make a decision to comply with the audit. I didn't necessarily find all that persuasive, your attempts to distinguish general materials. What would you say is your best distinction of that case, which essentially held that certifications in an analogous context weren't enough to create a contract? I think it's the time period that certifications continued well after the period of the expiration. I believe in general materials, the court said that everything, all the documents related to the same time period when the CBA was entered into and the B&B Mechanical decision, the Sixth Circuit decision that came afterwards distinguished. I would suggest that the B&B Mechanical kind of backed off the implication in general materials that certification can't be considered. B&B Mechanical said certification can be significant depending on the circumstances. And I would submit it's when they come after the expiration, it's more indicative of the intent of the employer to comply with the benefit provisions of the collective bargaining agreement. So I would say that it's the timing of the certifications that make them extremely significant here. And the district court focused on an alleged lack of assent. And as I discussed briefly at the beginning, I mean, the fund really, it doesn't enter into a collective bargaining agreement. We consider these certifications an agreement between the employer and the fund. The fund has to pay benefits and employees are incurring benefits based on what's being reported by the employer. And even if employees do the work, if they do covered work, they're entitled to the benefit whether or not the employer reports it and submits it. And that's why it's so important for the fund to do the audit. So we see these certifications as agreements between the employer and the fund. Certifications to the fund, that these certifications are consistent with the expired collective bargaining agreement and the employer agrees to allow the fund to audit its records to ensure that its certifications and its submissions are accurate. And we believe the district court's decision just goes beyond what existing Sixth Circuit precedent requires, which says a manifestation of assent by the employer post-expiration is sufficient, can be sufficient. All right. Thank you both for your arguments. The case will be submitted.